**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. ABLD007388,<br><br>               Plaintiff(s),<br><br>v.<br><br>PREMIER GUIDANCE, JOHN SOLAN III, ALL PRO RENOVATIONS AND FRANK CONCEPCION,<br><br>               Defendant(s). | Case No.  2:17-cv-5676 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiffs, Certain Underwriters at Lloyd's, London Subscribing to Policy No. ABLD007388 ("Underwriters"), and as their Complaint for Declaratory Judgment against Defendants Premier Guidance, John Solan III, All Pro Renovations and Frank Concepcion alleges, states and avers:

**JURISDICTION AND VENUE**

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. Plaintiffs are incorporated under the laws of England and Wales, and their principal place of business is London, England, United Kingdom.

3. Defendant Premier Guidance is a New Jersey limited liability company with its principal place of business at 67 Chestnut Avenue, Lyndhurst, New Jersey 07071.

4. John Solan III is a New Jersey resident residing at 37 Irving Avenue, Englewood Cliffs, New Jersey 07632 and, upon information and belief, is a member of Premier Guidance.

5. All Pro Renovations is a New Jersey limited liability company with its principal place of business at 213 Stuyvesant Avenue, Lyndhurst, New Jersey 07071. It is named as a potentially interested party by virtue of its status as a defendant in the Underlying Lawsuit.

6. Frank Concepcion is a New Jersey resident residing at 1511 43rd Street, Apartment 2, North Bergen, New Jersey 07047. He is named as a potentially interested party by virtue of its status as the plaintiff in the Underlying Lawsuit.

7. Plaintiffs bring this action to obtain a declaratory judgment finding that Underwriters have no duty to defend or indemnify Premier Guidance or Solan (hereinafter referred to collectively as "Premier") in connection with a lawsuit filed in the Superior Court of New Jersey – Law Division, Hudson County captioned *Frank Concepcion v. Premier Guidance LLC et al.* (HUD-L-3488-14) ("Underlying Lawsuit"), which results from the alleged negligence of, *inter alia*, Premier and All Pro Renovations causing bodily injury to Concepcion. A true and correct copy of the complaint in the Underlying Lawsuit is attached hereto as **Exhibit A**.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Underwriters and Defendants; and (b) the amount in controversy, including the potential costs of both defending and indemnifying Premier in the Underlying Lawsuit, exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because Premier's principal place of business is the District of New Jersey and many of the acts from which the Underlying Lawsuit originated, *i.e.*, the insurance contract at issue and the alleged wrongs, occurred in the District of New Jersey.

## UNDERLYING LAWSUIT

10. The complaint in the Underlying Lawsuit was filed on August 8, 2014.

11. Concepcion alleges in the complaint that he was legally on the premises located at 34 Draper Street in Montclair, New Jersey on October 2, 2012 when he fell off a defective ladder causing bodily injury. See, **Exhibit A**.

12. Concepcion claims that he suffered injury as a result of the defendants' negligence and carelessness. See, **Exhibit A**.

13. Concepcion alleges that the defendants controlled, possessed, operated and/or managed the premises and that they negligently and carelessly caused the permitted the premises to be in a dangerous and defective condition and failed to control, operate and maintain the premises in a safe manner while they had notice of the condition. See, **Exhibit A**.

## UNDERWRITERS' POLICY

14. Policy No. ABLD007388, underwritten by Underwriters, was issued to Premier Guidance, effective from May 7, 2012 to November 7, 2012. A true and correct copy of the Policy is attached hereto as **Exhibit B**.

15. The Policy contains the following Insuring Agreement:

> **SECTION I - COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or

>settlements under Coverages **A** or **B** or
>medical expenses under Coverage **C**.
>No other obligation or liability to pay sums or
>perform acts or services is covered unless explicitly
>provided for under Supplementary Payments
>- Coverages **A** and **B.**
>**b.** This insurance applies to "bodily injury" and
>"property damage" only if:
>**(1)** The "bodily injury" or "property damage" is
>caused by an "occurrence" that takes
>place in the "coverage territory";
>**(2)** The "bodily injury" or "property damage"
>occurs during the policy period; and
>**(3)** Prior to the policy period, no insured listed
>under Paragraph **1.** of Section **II** - Who Is
>An Insured and no "employee" authorized
>by you to give or receive notice of an "occurrence"
>or claim, knew that the "bodily
>injury" or "property damage" had occurred,
>in whole or in part. If such a listed
>insured or authorized "employee" knew,
>prior to the policy period, that the "bodily
>injury" or "property damage" occurred,
>then any continuation, change or resumption
>of such "bodily injury" or "property
>damage" during or after the policy period
>will be deemed to have been known prior
>to the policy period. . . . .

16. The Policy contains the following Who Is An Insured section:

   >**SECTION II - WHO IS AN INSURED**
   >**1.** If you are designated in the Declarations as: . . .
   >**d.** An organization other than a partnership, joint
   >venture or limited liability company, you are an
   >insured. Your "executive officers" and directors
   >are insureds, but only with respect to their
   >duties as your officers or directors. Your stockholders
   >are also insureds, but only with respect
   >to their liability as stockholders.
   >
   >**2.** Each of the following is also an insured:
   >**a.** Your "volunteer workers" only while performing
   >duties related to the conduct of your business,
   >or your "employees", other than either your
   >"executive officers" (if you are an organization
   >other than a partnership, joint venture or limited
   >liability company) or your managers (if you
   >are a limited liability company), but only for
   >acts within the scope of their employment by
   >you or while performing duties related to the
   >conduct of your business.

17. The Policy contains the following exclusions:

**2. Exclusions**
This insurance does not apply to: . . .

**d. Workers' Compensation And Similar Laws**
Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**
"Bodily injury" to:
**(1)** An "employee" of the insured arising out of and in the course of:
**(a)** Employment by the insured; or
**(b)** Performing duties related to the conduct of the insured's business; or
**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
This exclusion does not apply to liability assumed by the insured under an "insured contract". . . .

**Exclusion - Construction Operations**
It is agreed & understood that coverage is hereby excluded for any loss or damage arising out of or in any way relating to construction, renovation, remodeling or repair performed at or upon the Insured premises

18. The Policy contains the following Conditions:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
**b.** If a claim is made or "suit" is brought against any insured, you must:
**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.
You must see to it that we receive written

      notice of the claim or "suit" as soon as practicable.
**c.** You and any other involved insured must:
**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; . . .

## GROUNDS FOR DECLARATORY JUDGMENT

19.    Underwriters incorporate by reference paragraphs 1-18 above as if fully set forth herein.

20.    To the extent any "bodily injury" is alleged in the Underlying Lawsuit, the Policy's Workers' Compensation and/or Employer's Liability exclusions preclude coverage because Premier would be obligated to pay benefits under workers' compensation or similar law and/or any such "bodily injury" would have occurred to an employee of Premier arising out of and in the course of employment by Premier or performing duties relating to the conduct of Premier's business.

21.    To the extent any "bodily injury" is alleged in the Underlying Lawsuit, the Policy's Construction Operations exclusion precludes coverage because the "bodily injury" would have arisen out of and/or related to construction, renovation, remodeling or repair performed at or upon the insured premises.

22.    To the extent that Solan is not an employee, executive officer or director of Premier Guidance and/or was not acting within the scope of his employment or with respect to his duties as an executive officer or director of Premier Guidance at the time of the alleged "bodily injury," Solan does not qualify as an insured under the Policy.

23.    Underwriters did not receive notice of the claim and Underlying Lawsuit until on or about June 9, 2017.

24. Premier's notice of claim and lawsuit to Underwriters was not provided as soon as practicable as required by the Policy's Conditions and the untimely notice has prejudiced Underwriters.

25. By letter dated June 20, 2017, Underwriters, through their counsel, issued a Reservation of Rights letter to Premier offering Premier a defense for the Underlying Lawsuit subject to a reservation of rights to deny coverage. A true and correct copy of the Reservation of Rights letter is attached hereto as **Exhibit C**.

26. Underwriters have no duty to defend or indemnify Premier in connection with the Underlying Lawsuit.

27. An actual controversy exists between Underwriters, on one hand, and all Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiffs, Certain Underwriters at Lloyd's, London Subscribing to Policy No. ABLD007388 respectfully request this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that Underwriters have no duty to defend Premier Guidance in the Underlying Lawsuit;

B. Declare that Underwriters have to duty to defend John Solan III in the Underlying Lawsuit;

C. Declare that Underwriters have no duty to indemnify Premier Guidance in the Underlying Lawsuit;

     D.    Declare that Underwriters have to duty to indemnify John Solan III in the Underlying Lawsuit;

     E.    Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

                   Respectfully submitted,

                   **CLARK & FOX**

                   **BY**:   /s/ Michael S. Savett, Esquire
                          John M. Clark, Esquire
                          Michael S. Savett, Esquire
                          951 Haddonfield Road, Ste. A-2B
                          Cherry Hill, NJ 08002
                          Phone:  (856) 288-2403
                          Fax:  (856) 494-1844
                          Attorneys for Plaintiffs,
                          Certain Underwriters at Lloyd's, London
                          Subscribing to Policy No. ABLD007388

Dated:    August 2, 2017