**Not For Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY NO. ABLD007388,<br><br>*Plaintiffs*,<br><br>v.<br><br>PREMIER GUIDANCE LLC, JOHN SOLAN III,<br><br>*Defendants*. | Civil Action No. 17-5676 (JMV)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on an unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) by Plaintiffs Certain Underwriters at Lloyd's, London ("Underwriters" or "Plaintiffs") Subscribing to Policy No. ABLD007388 (the "Policy") against Defendants Premier Guidance LLC ("Premier Guidance") and John Solan III ("Solan"). D.E. 10. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiffs' motion is **GRANTED**.

# I. FACTS[1] AND PROCEDURAL HISTORY

In this case, Plaintiffs seek a declaratory judgment that Plaintiffs have no duty to defend or indemnify Defendant Premier Guidance or Defendant Solan in connection with a state court lawsuit filed in the Superior Court of New Jersey by Frank Concepcion ("Concepcion") that centers on Defendant Premier Guidance and Defendant Solan's alleged negligence. Compl. at ¶ 7. The underlying state court action, *Frank Concepcion v. Premier Guidance LLC et al.* (HUD-L-3488-14) (the "State Court Complaint"), was filed on August 8, 2014. *Id.* at ¶¶ 7, 10; D.E. 1, Exhibit A ("State Court Compl.").

In the state court suit, Concepcion alleges that a number of defendants, including Premier Guidance and Solan, controlled or operated premises located at 34 Draper Terrace in Montclair, New Jersey (the "Premises"). The state defendants allegedly negligently caused and permitted the Premises "to be in a dangerous and defective condition and failed to control, operate and maintain said premises in a safe manner." State Court Compl. at ¶ 1-3. Specifically, the State Court Complaint alleges that Concepcion was on the Premises on October 2, 2012 and "fell off a defective ladder causing serious injuries." *Id.* at ¶ 5. The State Court Complaint continues that "as result of the negligence and carelessness of the defendants [including Premier Guidance and Solan] and the fall ensued thereby, plaintiff was caused to suffer and did sustain severe and disabling injuries and has been and will in the future be caused to obtain medical treatment [,] . . . to lose time from work [,] . . . caused to refrain from his normal pursuits, . . . to sustain great pain

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiffs' motion for default judgment. *See Trustees of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

2

and suffering and permanent disfigurement and . . . to incur bills for medical and hospital services." *Id.* at ¶ 6.

The Policy, which was underwritten by Plaintiffs, was issued to Defendant Premier Guidance and was effective from May 7, 2012 to November 7, 2012. *Id.* at ¶ 14; D.E. 1, Ex. B. Plaintiffs claim that the Policy's various provisions and exclusions preclude coverage of any "bodily injury" that is alleged in the state court suit. *Id.* at ¶¶ 20-21. Plaintiffs continue that "[t]o the extent that Solan is not an employee, executive officer or director of Premier Guidance and/or was not acting within the scope of his employment or with respect to his duties as an executive officer or director of Premier Guidance at the time of the alleged 'bodily injury,' Solan does not qualify as an insured under the Policy." *Id.* at ¶ 22. Plaintiffs also allege that it did not receive notice of the claim of the state suit until on or about June 9, 2017, *id.* at ¶ 23, and that this untimely notice prejudiced Plaintiffs, *id.* at ¶ 24. On June 20, 2017, Plaintiffs sent a Reservation of Rights letter to Defendant Premier Guidance offering Premier Guidance a defense for the state case subject to a reservation of rights. *Id.* at ¶ 25. Plaintiffs claim that they have no duty to defend or indemnify Premier Guidance or Solan regarding the state court suit. *Id.* at ¶¶ 26-27.

On August 3, 2017, Plaintiffs filed this declaratory judgment action against Premier Guidance LLC, John Solan III, All Pro Renovations, and Frank Concepcion. D.E. 1. The Clerk of the Court entered default as to Premier Guidance on October 2, 2017, D.E. 8, and entered default as to Solan on October 5, 2017, D.E. 9. Plaintiff filed the current motion for default judgment as to Defendants Premier Guidance and Solan on October 6, 2017. D.E. 10. On November 27, 2017, Plaintiffs agreed to dismiss Defendants All Pro Renovations and Frank Concepcion from the case, D.E. 12, and they were terminated as parties on November 28, 2017, D.E. 14.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

### B. Jurisdiction and Service

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

### i. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Plaintiff is incorporated under the laws of England and Wales, and has a principal place of business in London. Compl. at ¶ 2. Defendant Premier Guidance is a New Jersey limited liability company with a principal place of business in Lyndhurst, New Jersey. Compl. at ¶ 3. Plaintiff represents that all of its officers and members are domiciled in New Jersey. *See* D.E. 18; *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that "the citizenship of an LLC is determined by the citizenship of its members"). Defendant Solan is a New Jersey resident. Compl. at ¶ 4. In addition, Plaintiff states that the potential costs of both defending and indemnifying Defendant Premier Guidance exceeds $75,000 in damages. Compl. at ¶ 8. Therefore, this Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### ii. Personal Jurisdiction

The Court also has personal jurisdiction over Defendants. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted). An individual's domicile is located in the state that is his or her "home." *JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.*, 2014 WL 2050267, at *3 (D.N.J. May 19, 2014). Defendant Solan resides in New Jersey. Compl. at ¶ 4. Because New Jersey is Solan's "home," this Court retains personal jurisdiction over him.

"With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760,

187 L. Ed. 2d 624 (2014) (internal quotation and citation omitted) (alteration in original). Here, Premier Guidance's principal place of business is in New Jersey and many of the acts involved in the state lawsuit took place in New Jersey. Compl. at ¶ 9. Therefore, this Court retains personal jurisdiction over Defendant Premier Guidance.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Solan, an individual, may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, a process server personally served Solan on August 29, 2017. D.E. 5. Therefore, the Court finds that service of the summons and complaint was proper on Solan.

Service of process must also have been proper on Defendant Premier Guidance. As a limited liability company, Defendant Premier Guidance may be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." F.R.C.P. 4(h)(1)(B).

Here, a process server personally served Faith Perfecto on behalf of Defendant Premier Guidance on August 29, 2017. D.E. 3. Plaintiff has further clarified that Perfecto "was authorized by Premier Guidance to accept service for the company." D.E. 16. Therefore, the Court finds that service of the summons and complaint was also proper on Premier Guidance.

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the Complaint states a cognizable cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Plaintiffs request a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, against that Plaintiffs have no duty to defend or indemnify Premier Guidance or Solan in the underlying state matter. Compl. at ¶ 27.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "basic rule of contractual interpretation [is] that a court must discern and implement the common intention of the parties." *Pacifico v. Pacifico*, 190 N.J. 258, 77 (2007). However, "[w]here the terms [of a contract] are clear and unambiguous there is no room for interpretation of construction and the courts must enforce those terms as written." *Assisted Living Associates of Moorestown, L.L.P. v. Moorestown Tp.*, 31 F.Supp.2d 389, 398 (D.N.J. 1998) (internal citations omitted). Here, Plaintiffs' allegations are sufficient. First, Plaintiffs allege that the Policy's "Workers' Compensation and/or Employer's Liability exclusions" preclude coverage for any "bodily injury" alleged in the state suit because Premier Guidance "would be obligated to pay benefits under workers' compensation or similar law" and because "any such 'bodily injury' would have occurred to an employee of [Premier Guidance] arising out of and in the course of

employment by [Premier Guidance] or performing duties relating to the conduct of [Premier Guidance's] business." Compl. at ¶ 20. The Policy's language supports these allegations. The Policy states that employees are only insured "for acts within the scope of their employment . . . or while performing duties related to the conduct of [the] business." Compl. at ¶ 16; D.E. 1, Ex. B. The Policy also states that "the insurance does not apply to . . . any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Compl. at ¶ 17, D.E. 1, Ex. B.

Second, Plaintiffs allege that the Policy's "Construction Operations exclusion" precludes coverage of any "bodily injury" alleged in the state lawsuit because it "would have arisen out of and/or related to construction, renovation, remodeling or repair performed at or upon the insured premises." Compl. at ¶ 21. The Policy does, in fact, include an exclusion covering construction operations that states: "It is agreed & understood that coverage is hereby excluded for any loss or damage arising out of or in any way relating to construction, renovation, remodeling or repair performed at or upon the Insured premises." Compl. at ¶ 17; D.E. 1, Ex. B.

Third, Plaintiffs argue that "[t]o the extent that Solan is not an employee, executive officer or director of [Defendant Premier Guidance] and/or was not acting within the scope of his employment or with respect to his duties as an executive officer or director of [Defendant Premier Guidance] at the time of the alleged 'bodily injury,' Solan does not qualify as an insured under the Policy." Compl. at ¶ 22. The Policy does limit liability for "employees" to "acts within the scope of their employment . . . or while performing duties related to the conduct of your business." Compl. at ¶ 16; D.E. 1, Ex. B.

Therefore, the Court finds that Plaintiff's Complaint states a proper cause of action.

### D. Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted). Here, however, Plaintiff does not request damages and therefore the Court need not examine any claim for damages. Instead, Plaintiff requests a declaratory judgment.

### E. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must determine the appropriateness of default judgment by weighing "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Here, all three factors weigh in favor of entering a default judgment for Plaintiffs. First, considering that Defendants have not responded to this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). As discussed above, accepting the allegations in the Complaint as true, Plaintiffs have successfully stated claims for relief against Defendants. "Under New Jersey law, the words of an insurance policy are to be given their plain, ordinary meaning." *Lancer Ins. Co. v. MJ & Sons Contractor Truck*, LLC, 2016 WL 74411, at *4 (D.N.J. Jan. 6, 2016) (internal quotation and citation omitted). Here, the Policy's clear language excludes Plaintiff from being responsible for covering Defendants, accepting the Plaintiff's allegations as true.

Next, Plaintiffs would be unfairly prejudiced if no default judgment is entered because they could be subjected to claims that its policy covers the relevant injuries in the underlying state

9

action. *Lancer Ins. Co. v. MJ & Sons Contractor Truck, LLC*, 2016 WL 74411, at *3 (D.N.J. Jan. 6, 2016).

Lastly, Defendants' failure to answer, without providing any reasonable explanation, permits the court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016) (citing *Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009)). Here, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023, at *1 (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536403 at *1 (D.N.J. February 27, 2009)).

As a result, the Court finds that default judgment is warranted.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment (D.E. 10) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: January 2, 2018

John Michael Vazquez, U.S.D.J.